**IN THE COURT OF APPEALS OF IOWA**

No. 16-0665
Filed June 29, 2016

**IN THE INTEREST OF S.W., F.W., H.W., J.W., AND J.W.,**
**Minor children,**

**H.W., Father,**
Appellant.

_____

Appeal from the Iowa District Court for Story County, Stephen A. Owen, District Associate Judge.

Father appeals the order terminating his parental rights in his children as authorized under Iowa Code chapter 232 (2015). **AFFIRMED.**

Paul Rounds, Local Public Defender, and Shannon M. Leighty, Assistant Public Defender, Nevada, for appellant father.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Mark Olberding of Olberding Law Office, Nevada, for minor children.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

The father appeals an order terminating his parental rights in his five children, ranging from ages seven to twelve, pursuant to Iowa Code section 232.116(1)(f) (2015). This is the second time this case has come before the court. *See In re S.W.*, No. 15-0549, 2015 WL 3635722, at *1 (Iowa Ct. App. June 10, 2015). In the prior case, this court reversed the juvenile court's order terminating the mother's and father's rights pursuant to Iowa Code section 232.116(1)(e) (2013). *See id.* at *6. Additional facts and circumstances regarding this family are set forth in our prior opinion and need not be repeated herein.

The family came to the attention of the Iowa Department of Human Services (IDHS) in September 2013 when the agency commenced a child abuse assessment leading to a founded report of abuse. The juvenile court described in some detail the challenges facing the family:

> When the Department first became involved with this family, the children were in a rather deplorable condition. The children had been exposed not only to domestic violence, but an extraordinarily chaotic childhood. It is estimated that the children have lived in nearly nine states by the time [IDHS] became involved with the family. They have been subjected to consistent homelessness, failure to consistently attend school, and have been subjected to neglect and domestic violence. The children suffer from academic deficiencies as a result of their parents' failure to consistently keep them in school; they suffer from speech delays; they act in violent and aggressive ways; and the children suffer from medical and dental issues as well. When first removed from their parents, the children were filthy. Many of the children required daily support with such basic skills as table manners that included using utensils, bathing, dressing, and even tying their shoes. As outlined by the numerous service providers, most of the children continue to struggle with boundary issues.

After removal, the father was incarcerated for approximately one year for committing domestic abuse against the mother. On that occasion, the father punched the mother in the face several times and also fractured her cheekbone and ribs, all in the presence of the children. Upon being released from prison, the father commenced visitation with the children, but the visits did not progress beyond supervised. Even then, with multiple people supervising, the visits were chaotic. The father demonstrated an inability to interact with and supervise all five children. The father failed to maintain steady employment, achieve economic stability, or obtain stable, safe housing for the children. At the time of the termination hearing, the father cohabited with a new paramour who had her own significant criminal history. The record shows the father physically abused his new paramour, demonstrating his lack of understanding regarding the safety risk domestic violence posed to the children. The father did not complete batterer's education classes, and he participated only sporadically in therapy for himself and the children. The father does not understand or appreciate the children's incredibly significant educational and mental health needs. For example, the two boys have been removed from foster care and placed in shelters because of their unmanageable and assaultive behaviors. The father's lack of understanding of the children's needs renders him unable to meet the children's needs and provide for their care. The children cannot be returned to his care without remaining at risk of adjudicatory harm.

On de novo review, we conclude the State has proved by clear and convincing evidence the statutory ground authorizing termination of the father's parental rights, termination is in the best interests of these children, and there is

no discretionary exception militating in favor of preserving the familial relationship. *See In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016) (stating review is de novo and setting forth the applicable "three-step analysis"); *In re A.M.*, 843 N.W.2d 100, 110-13 (Iowa 2014) (same).

**AFFIRMED.**